UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HAZEEM BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-49-TAV-DCP |
| | ) | |
| KNOXVILLE POLICE DEPARTMENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and Complaint for Violation of Civil Rights (42 U.S.C. § 1983), Copyright Law, and Other Claims [Doc. 2]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** his Application [**Doc. 1**].

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

### A. Summary of the Complaint

Plaintiff names the following Defendants in this case: Knoxville Police Department ("KPD"); Knox County Sheriff's Office ("KCSO"); the Roger D. Wilson Detention Facility; and Austin Brewster ("Defendant Brewster"), a KPD Officer [Doc. 2 p. 1].

Plaintiff alleges that on January 29, 2025, he was "traveling in a private mode of conveyance when he was rear-ended by another vehicle" [*Id.* at 6]. He alleges that "[t]he at-fault driver admitted fault at the scene and promptly called the police to report the incident before Plaintiff had the opportunity to do so" [*Id.*]. He claims that "[Defendant] Brewster and the responding officers demanded a driver's license and proof insurance" [*Id.*]. In response, "Plaintiff made it clear that he was not engaging in commerce and was not operating under the requirements of a driver's license" [*Id.*]. Plaintiff then presented his "Moorish American Travel Document" as identification [*Id.*]. He submits that in response, "[Defendant] Brewster and the officer present treated the document with hostility . . . [and] question[ed] and belittl[ed] Plaintiff's identity and cultural identity" [*Id.*].

Plaintiff claims that "[Defendant] Brewster became belligerent, aggressively grabbing Plaintiff, handcuffing him, and forcing him into the police vehicle" [*Id.*]. He alleges that "[a]t no point did [Defendant] Brewster read Plaintiff his Miranda rights or simply check on the healt[h] and well[-]being of [Plaintiff]" [*Id.*]. "Plaintiff's mode of conveyance was searched . . . damaging Plaintiff's personal belongings[] and leaving his property in disarray" [*Id.*]. He states that "[d]espite suffering injuries from the accident, Plaintiff was denied any medical attention at the scene by Defendants" [*Id.*]. Plaintiff's family then arrived at the scene, with Plaintiff contending

that "Defendants . . . responded with hostility and disrespect, further escalating an already tense situation" [*Id.*]. Plaintiff submits that "[a]fter denying Plaintiff medical care at the scene, [Defendant] Brewster transported Plaintiff to the hospital while mocking his injuries . . . [and] took unauthorized photographs of Plaintiff in a neck brace, enduring significant pain" [*Id.*]. Plaintiff alleges that while he was at the hospital, he "was subjected to an illegal hold" [*Id.*].

Plaintiff was then transferred to the Roger D. Wilson Detention Facility, where he claims "he endured cruel and inhumane conditions, including being placed in a freezing cold holding cell with no bed or chair . . . forced to sleep on a hard, dirty floor, exposed to bugs and an unsanitary toilet" [*Id.* at 8].

Plaintiff further asserts that "[i]n a deliberate attempt to alter Plaintiff's identity, officers changed Plaintiff's name from Hazeem Bey to Jaron Markell Hull in official records, despite Plaintiff's legal documentation and the copyright protection of his name" [*Id.*]. Plaintiff contends he was then "coerced into providing fingerprints and photographs under duress after initially refusing" [*Id.*]. Finally, Plaintiff submits that "[Defendant] Brewster deliberately delayed the submission of the arrest report by over eight hours, further indicating malicious intent and an attempt to cover up the unlawful actions taken against Plaintiff" [*Id.*].

**B.     Screening of the Complaint**

Based upon this incident, Plaintiff alleges the following:

- Fourth Amendment violation of unlawful arrest and detention

- Fourth Amendment violation of illegal search and seizure

- Fourth Amendment violation of excessive force

- Fifth Amendment violation of failure to read Miranda rights

- Fourteenth Amendment of due process violations, alleging unlawful detainment, falsification of identity, and denial of cultural identity

- Eighth Amendment violation against cruel and unusual punishment

- False imprisonment

- Intentional infliction of emotional distress

- Violation of the United Nations Declaration on the Rights of Indigenous People ("UNDRIP") and indigenous rights

- Violations of copyright law

- Tort claims of negligence, assault and battery

- Defamation

- Treason and betrayal of oath of office

- Kidnapping

- Violation of victims' rights under the Tennessee Constitution, Article I, § 35

- Lack of lawful authority and fraudulent enforcement of commercial status

- Violation of the Supremacy Clause

[*Id.* at 9–33]. Within those claims, Plaintiff claims violations of common law, Tennessee State law, canon law, the Uniform Commercial Code ("UCC"), the Chevron Doctrine, international law (including UNDRIP and the Universal Declaration of Human Rights ("UDHR")), the Clearfield Doctrine, commercial law, and the right to travel [*Id.*].

The Court finds that Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). In general, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(e). Whether a pleading is a short and plain statement "depend[s] on the totality of the circumstances: more complicated cases will generally require more pleading." *Kenzu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). "The key is whether 'the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised.'" *Id.* (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *see Murphy v. Town of Farragut*, No. 3:23-CV-402, 2024 WL 5499995, at *4 (E.D. Tenn. Apr. 15, 2024) ("The function of Rule 8 is to favor clarity over prolixity."). An IFP complaint is frivolous and must be dismissed if it lacks an arguable basis in law. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations "of infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Requiring the court "to ferret out the strongest cause of action on behalf of pro se litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Even when held to the less stringent standard, Plaintiff's Complaint fails to satisfy Rule 8.

Here, Plaintiff's complaint does not contain a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rather, Plaintiff's complaint includes several pages repetitively outlining the allegations of the incident, pages of incompatible legal

5

claims, and a thirty-seven page section titled "LEGAL DEFINITIONS AND APPLICATION TO PLAINTIFF'S CLAIMS." [Doc. 2 pp. 33–70] The Court will not endeavor to make an exhaustive list, but notes the following claims as untenable legal claims.

Starting with § 1983, this statute allows a plaintiff to seek redress from state actors for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff has named several entities not suitable to suit under § 1983, including the Roger D. Wilson Detention Facility, KPD, and KCSO. *See Stacy v. Clarksville Police Dep't*, 771 F. Supp. 3d 1024, 1034 (M.D. Tenn. 2025) ("[T]he Court will dismiss [the plaintiff's] sole § 1983 claim against the Clarksville Police Department because "a police or sheriff's department or office is not an entity capable of being sued under 42 U.S.C. § 1983." (quoting *Leis v. Alcohol, Tobacco & Firearm Agency*, No. 3:21-cv-304, 2021 WL 1907830, at *3 (M.D. Tenn. May 11, 2021) (collecting cases)); *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C § 1983."); *see also Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 2255647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity under suit under § 1983").

Plaintiff cites to the UCC § 1-103, which states that all legal and commercial interactions must be conducted in good faith and argues that "Defendants acted in bad faith by misrepresenting Plaintiff's identity for the purposes of unlawful detention" [Doc. 2 p. 17]. However, the UCC only applies to commercial transactions, and one has not taken place here. *See Gilford v. Aqua Ohio, Inc.*, No. 4:21CV174, 2021 WL 1697889, at *3 (N.D. Ohio Apr. 29, 2021) ("Plaintiff's references to the Uniform Commercial Code, without any actual coherent allegations concerning a commercial transaction, do not constitute plausible legal claims.") *see also Martin v. McConnell*, No. 1:20-CV-079, 2020 WL 1970559, at *2 (W.D. La. Apr. 1, 2020) (stating "habeas claims relying on the UCC and trust laws have been repeatedly rejected" and citing cases).

Plaintiff contends that Defendants violated the Chevron doctrine, arguing that "Plaintiff's Moorish American identification is recognized under DOJ and DHS policies, yet Defendants ignored this legal precedent and acted outside the scope of lawful authority." *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–42 (1984). This is not a viable legal claim, because the Chevron doctrine has been overturned. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 411 (2024) ("*Chevron* is overruled.").

Plaintiff further alleges violations of UNDRIP through Defendants "disregarding Plaintiff's cultural identity as a Cherokee Moorish American and failing to respect his rights to self-identify and exercise his rights as a sovereign individual" [Doc. 2 p. 13]. However, UNDRIP does not create rights enforceable by a private individual in U.S. courts. *See Renkel v. United States*, 456 F.3d 640, 643 (6th Cir. 2006) ("[C]ourts *presume* that the rights created by an international treaty belong to a state and that a private individual cannot enforce them.") (quoting *United States v. Emuegbunam*, 268 F.3d 377, 389 (6th Cir. 2001) (emphasis in original)). The Court has located no binding authority nor any persuasive Sixth Circuit authority that would rebut

7

this presumption.

Plaintiff also asserts that Defendants committed treason in violation of 18 U.S.C. § 2381, as their actions "constitute treasonous misconduct and acts of insurrection against the constitutional framework of the United States and its principles of due process, equal protection, and justice" [Doc. 2 p. 18]. Because a private citizen has no private right of action under the treason statute, this claim fails. *See Miles v. United States*, No. 2:15-cv-1085, 2015 WL 8539042, at *2 (S.D. Ohio Dec. 11, 2015) (no private right of action under the treason statute, 18 U.S.C. § 2381).

Because Plaintiff's Complaint largely "makes disconnected, confusing, and meandering claims that violate Rule 8[,]" Plaintiff's IFP Complaint is "subject to sua sponte dismissal." *Harden v. Bair*, No. 21-12434, 2022 WL 2716299, at *2 (E.D. Mich. May 18, 2022), *report and recommendation adopted sub nom. Harden v. Easter Seals*, No. 21-CV-12434, 2022 WL 2342704 (E.D. Mich. June 29, 2022).

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

> a) the names and titles of all [defendants if known];
>
> b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
>
> c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
>
> d) . . . the location where each relevant event occurred;
>
> e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

8

> f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **January 15, 2026.**

    **IT IS SO ORDERED.**

    ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge